IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVSION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. as Trustee for Option One Mortgage Loan Trust 2003-1, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION FILE NUMBER: 4:13 cv 193 (CDL) |
| PEDRO J. BURGOS and ALL OTHERS, | § § § | NOTICE OF REMOVAL SPECIAL APPEARANCE BY DEFENDANTS |
| Defendants. | § | |

## NOTICE OF REMOVAL

**COMES NOW, PEDRO J. BURGOS** and **ALL OTHERS,** the Defendants and through Special Appearance hereby files this NOTICE OF REMOVAL against the above-named Plaintiff and hereby removes this case to the United States District Court for the Middle District of Georgia, Columbus Division pursuant to Federal law, **28 U.S.C. § 1441(a)(b)** and hereby shows this Court as follows:

### I. BACKGROUND

1. On February 14th, 2013, the Plaintiff sent a (90) day notice to vacate Defendants property due to a wrongful foreclosure sale of $133,000.00 pursuant to **12 U.S.C. § 5201** which is known as the Protect of Tenants and Foreclosure Act.

2. On February 25th, 2013, the Defendants informed the Plaintiff that they had lease agreement with the landlord and Defendant, Pedro J. Burgos and Samuel Copland and sent Plaintiff notice that said lease agreement protected Defendants pursuant to **12 U.S.C. § 5201** which is known as the Protect of Tenants and Foreclosure Act. Plaintiff was provided copies of the lease and payments of rents.

Page 1

3. On February 25th, 2013, the Plaintiff filed a dispossessory action in the Municipal Court of Columbus Georgia in violation of **12 U.S.C. § 5201**.

4. The Plaintiff after learning that the dispossessory action was founded upon the right pursuant **12 U.S.C. § 5201**, the Plaintiff dismissed the action for (90) days and on March 4th, 2013 re-filed said May 20th, 2013 that is the subject of this removal to this Court. See, **Exhibit "A" and "B"** attached.

5. On May 29th, 2013, Defendants, Pedro J. Burgos and ALL Others filed their answers and counterclaims in the dispossessory action is founded upon **12 U.S.C. § 5201**. The Defendants' defenses and counterclaim all exceeded that Court's jurisdiction and was also founded upon Federal questions jurisdiction pursuant to **28 U.S.C. § 1331** with respect to **12 U.S.C. § 5201**. See **Exhibits** attached hereto.

6. By virtue of the operation of **28 U.S.C. §§ 1441** and **1331**, *"If the basic right asserted by plaintiff is one based on federal law, then the case is properly [removable], whether or not the complaint expressly states that the right sought to be enforced is a federal one. It is the real nature of the claim and not the characterization given it by plaintiff which must govern,"* E.g., Produce Terminal Realty Corp. v. New York N.H. & H.R. Co., 116 F. Supp. 451, 453 (D. Mass. 1953) (quoted in 1A *Moore's Federal Practice*, ¶160[3.3] at p. 233 (1995)). See also Maine Association of Independent Neighborhoods v. Commissioner, Maine Department of Human Services, 876 F.2d 1051, 1052-53 (1st Cir. 1989). Since the Plaintiff seeks to

recover possession of property from Defendants based on **12 U.S.C. § 5201**, this action is properly removable to this Court irrespective of diversity of the parties.

## II. JURISDICTION

1. The Plaintiff allege claims to Defendants' real property after wrongful foreclosure sale pursuant to **12 U.S.C. § 5201** which is known as the Protect of Tenants and Foreclosure Act. Therefore, Federal question jurisdiction exists over Plaintiff's claims under **28 U.S.C. § 1331** because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law.

2. The Defendant filed a Counterclaim to the extent the Plaintiff alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over Defendants' Counterclaims under **28 U.S.C. § 1367** because those claims arise out of the same operative facts as Plaintiff's claims under FDCPA, TILA and RESPA and "form part of the same case or controversy under **Article III** of the United States Constitution." See, **28 U.S.C. § 1367(a)**.

3. The Defendants further avers that the removal of this action to this Court is timely under **28 U.S.C. § 1446(b)** because this Notice of Removal is filed within thirty (30) days after May 22nd, 2013, which is the date Defendants first received the summons and complaint in this action.

4. This Court also has subject-matter jurisdiction over this case because the parties in this case are diverse pursuant to **28 U.S.C. 1332(a)(1)** as the amount in controversy exceeds **$75,000.00** excluding cost and interest and **28 U.S.C. § 1331**.

5. Venue is place in this district under **28 U.S.C. § 1391(a)(2)(3)** because it is where Defendant transacted business. See, <u>Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company,</u> 529 U.S. 193, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000).

### III. CONCLUSION

For the foregoing reasons stated in this Notice of Removal, the Defendants hereby respectfully request that this civil action be, and is hereby, removed to the United State District Court for the Middle District of Georgia, Columbus Division and that this Court assume subject-matter jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**WHEREFORE,** the Defendants hereby remove this civil action to the Federal District Court for all relief as a matter of law.

**Respectfully submitted this the** \_\_21st\_\_ **, day of June 2013.**

**Jointly Filed and Served by:**

_[signature]_
Pedro J. Burgos, PRO SE
Attorney for the Defendant

_[signature]_
Tony L. Ware, PhD, JD, PRO SE
Attorney for the Defendant

7440 McKee Road
Upatoi, Georgia 31829
(706) 332-6881

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVSION

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for Option One Mortgage Loan Trust 2003-1,<br><br>    Plaintiff,<br>v.<br><br>PEDRO J. BURGOS<br>and ALL OTHERS,<br><br>    Defendants. | §§§§§§§§§§§<br><br>CIVIL ACTION<br>FILE NUMBER: 4:13cv193 (CDL)<br><br>CERTIFICATE OF SERVICE<br>SPECIAL APPEARANCE BY DEFENDANTS |

## CERTFICATE OF SERVICE

**COMES NOW, PEDRO J. BURGOS** and **ALL OTHERS** as Pro Se and as Attorneys for the Defendant for themselves in the above-styled civil action and hereby certify that I have personally served upon Plaintiff's counsel with a copy of Defendants' NOTICE OF REMOVAL upon the following person to wit:

> Howell A. Hall, Esq.
> 115 Perimeter Center, Suite 1000
> Atlanta, Georgia 30346

Respectfully submitted this the 21st , day of June 2013.

Jointly Filed and Served by:

_____
Pedro J. Burgos, PRO SE
Attorney for the Defendant

_____
Tony L. Ware, PhD, JD, PRO SE
Attorney for the Defendant

7440 McKee Road
Upatoi, Georgia 31829
(706) 332-6881