IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| Wells Fargo Bank, NA, as Trustee for Option One Mortgage Loan Trust 2003-1, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 4:13-cv-00193-CDL |
| v. | ) |
| Pedro Burgos, and All Others, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO REMAND**

COMES NOW, Wells Fargo Bank, NA, as Trustee for Option One Mortgage Loan Trust 2003-1, (hereinafter "Wells Fargo" or "Plaintiff") Plaintiff in the above referenced civil action, and files this its Memorandum of Law in Support of Motion to Remand, showing this honorable Court the following:

**STATEMENT OF FACTS**

Defendant Pedro J. Burgos[1] (hereinafter "Defendant") filed the present

---

[1] Tony L. Ware, PhD, JD has "Jointly Filed and Served" the Appeal with the

1

Notice of Removal in an apparent attempt to avoid the results of his failure to repay a mortgage loan.  Defendant obtained a mortgage loan on December 20, 2002, in the original principal amount of ONE HUNDRED THIRTY THREE THOUSAND AND NO/100 DOLLARS ($133,000.00) (hereinafter the "Subject Loan") from Option One Mortgage Corporation (hereinafter "Option One"). To secure repayment of the Subject Property Defendant conveyed the real property commonly known as 7440 McKee Road, Upatoi, Georgia, 31829 (hereinafter the "Subject Property") to Option One by security deed (hereinafter "the Security Deed").  The Security Deed was recorded in the real property records of Muscogee County, Georgia on December 27, 2002, in Deed Book 6630, beginning at Page 148.  On November 17, 2011, the Loan and the Security Deed were assigned (hereinafter the "Assignment") to Wells Fargo Bank, NA.  This assignment is recorded in the real property records of Muscogee County, Georgia in Deed Book 10430, at Page 231.

Defendant defaulted on Subject Loan by failing the make the payments due

---

Defendant.  Mr. Ware is not a name Defendant, a licensed attorney in Georgia, or otherwise authorized to practice law in this Court.  Furthermore, Mr. Ware has a history of "misconduct" in Federal Courts in Georgia.  See <u>Tony L. Ware et al. v. FleetBoston Financial Corporation</u>, 2005 U.S. Dist. Lexis 34333 (N.D. GA 2005).  Accordingly, Wells Fargo seeks dismissal of the Removal on this ground alone.

2

on the Loan. As a result, the Subject Loan was referred for foreclosure. On December 4, 2012, the Subject Property was sold at foreclosure on the Courthouse steps of Muscogee County. Wells Fargo was the highest bidder at the foreclosure sale, with a successful bid of ONE HUNDRED TWENTY-SEVEN THOUSAND AND NO/100 DOLLARS ($127,000.00). Thereafter, Wells Fargo made demand for possession of the Subject Property by letter. Following Defendant's refusal to vacate the Subject Property, on February 25, 2013, Wells Fargo filed the underlying dispossessory action (Case Number MC 2013cv5251, In the Municipal Court of Columbus, Georgia) (hereinafter the "Dispossessory Action"). Defendant was served with the summons and complaint in the Dispossessory Action. Defendant filed an Answer and Counterclaims on May 29, 2013. On June 21, 2013, Defendant filed the present "Notice of Removal" purporting to remove the Dispossessory Action to this Court.

## ARGUMENT AND CITATION OF AUTHORITY

An examination of the record shows that the Dispossessory Action must be remanded to the Municipal Court of Columbus because there is no basis for federal court jurisdiction over this state law dispossessory action.

## THE FEDERAL COURTS DO NOT HAVE
## JURISDICTION OVER THIS CASE

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." <u>Russell Corp. v. Am. Home Assurance Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001).  "A defendant may remove a case to federal court only if it could have been properly filed there originally." <u>Washington Mutual Bank, F.A. v. Bush</u>, 2005 U.S.Dist. LEXIS 19419, *2 (N.D. Ga. 2005); 28 U.S.C. § 1441.  The removing defendant bears the burden of proving that federal jurisdiction exists.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  There is no basis for federal jurisdiction over this case and it must be remanded to the Municipal Court of Columbus, Georgia.

### There is no Federal Question of Jurisdiction

This Court lacks jurisdiction over the Dispossessory Action because the complaint in that action does not state a claim which arises under federal law. "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." <u>Ervast v. Flexible Prods. Co.</u>, 346 F.3d 1007, 1012 (11th Cir.

4

2003). "In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis. . ." Id.

> To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) quoting Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 152, 53 L.Ed. 126, 29 S.Ct. 42 (1908). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2002) quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 96 L.Ed.2d 318, 107 S.Ct. 2425 (1987). Similarly, a counterclaim cannot serve as the basis of federal question jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 153 L.Ed.2d 13, 122 S.Ct. 1889 (2002); Federal Home Loan Mortgage Corp. v. Williams, 2008 U.S.Dist. LEXIS 1622, *5 (N.D. Ga. 2008).

5

In the Present "Notice of Removal" Defendant alleges that this Court has jurisdiction over the Dispossessory Action because he has filed a counterclaim based on the Protecting Tenants at Foreclosure Act.  See (Notice *Generally.*) However, this cannot be the basis for removal because federal question jurisdiction cannot be based on a defense, Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1380 (N.D. Ga. 2010), or on a counterclaim. Amadocoe v. Fannie Mae, 2011 U.S. Dist. LEXIS 146991, Civ. Act. No. 1:11-CV-3176-TWT-ECS, *3-4 (N.D. Ga. 2011).  Moreover, even if Defendant could demonstrate that federal question jurisdiction could be maintained merely through his counterclaim, his removal would also be subject to dismissal because "Congress did not create a private right of action to enforce the [Protecting Tenants at Foreclosures Act]".  Duenas v. Freitas, No. C 13-0836 SBA (N.D. Cal., 2013) (citing Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012)).

Therefore, because the Complaint does not state a claim which arises under any Federal statute, there is no federal question jurisdiction over the Dispossessory Action.

### There is no Diversity Jurisdiction

While Defendant does not assert Diversity Jurisdiction, Wells Fargo will

6

nevertheless demonstrate that no Diversity Jurisdiction exists merely out of an abundance of caution. Diversity Jurisdiction is not present here because the Dispossessory Action does satisfy the amount in controversy requirements imposed by 28 U.S.C. § 1332.

> [A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Therefore, because the defendant cannot reduce the benefit sought to a monetary sum, 'there is no pecuniary amount in controversy.' . . . Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied. Accordingly, [the District Court] lacks original jurisdiction over this case and removal was, therefore, improper.

Novastar Mortgage, Inc. v. Bennett, 173 F.Supp.2d 1358, 1361-62 (N.D. Ga. 2001) (citations omitted); Washington Mutual, 2005 U.S.Dist. LEXIS 19419 at *6-7; Federal Home Loan, 2008 U.S.Dist. LEXIS 1622, at *5-6.  The only relief sought by Wells Fargo in this action is possession of the Property. Such equitable relief does satisfy the amount in controversy requirements imposed by 28 U.S.C. § 1332 and cannot be the basis of diversity jurisdiction.

## **CONCLUSION**

For all the foregoing reasons this case should be remanded to the Municipal

Court of Columbus, Georgia.

Respectfully submitted, this 5th day of July, 2013.

| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>Monarch Plaza, Suite 1600<br>3414 Peachtree Road, N.E.<br>Phone: (404) 577-6000<br>Facsimile: (404) 221-6501<br>smichalove@bakerdonelson.com<br>dmoore@bakerdonelson.co | */s/ Scott H. Michalove*<br>Scott H. Michalove<br>Georgia Bar No. 504016<br>Daniel P. Moore, Esq.<br>Georgia Bar No. 940480 |

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** was served via electronic copy of the ECF notification system to counsel of record and has been sent via United States Mail, postage pre-paid, in a properly addressed envelope to Pro Se Defendant:

>Pedro J. Burgos
>7440 McKee Rd
>Upatoi, GA 31829

This 5th day of July, 2013.

>/s/ Scott H. Michalove
>Scott H. Michalove, Esq.
>Georgia Bar No. 504016
>*Attorney for Plaintiff*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
Email: smichalove@bakerdonelson.com

9