IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVSION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. as Trustee for Option One Mortgage Loan Trust 2003-1, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION FILE NUMBER: 4:13-CV-00193-CDL |
| PEDRO J. BURGOS and ALL OTHERS, | § § § | MOTON TO STRIKE APPEARANCE SPECIAL APPEARANCE BY DEFENDANTS |
| Defendants. | § | |

## MOTION TO STRIKE APPEARANCE AND TO STRIKE MOTION TO REMAND

**COMES NOW, PEDRO J. BURGOS** and **ALL OTHERS,** the Defendants and through Special Appearance hereby files this MOTION TO STRIKE APPEARANCE AND TO STRIKE MOTION TO REMAND against the above-named Plaintiff and hereby show this Court that Counsels who appeared in this action and filed said motion to remand is unauthorized as a matter of law pursuant to **LR-83.1.4**. The Defendants in this matter hereby shows this Court as follows:

### I. BACKGROUND

1. On February 14th, 2013, the Plaintiff sent a (90) day notice to vacate Defendants property due to a wrongful foreclosure sale of $133,000.00 pursuant to **12 U.S.C. § 5201** which is known as the Protect of Tenants and Foreclosure Act.

2. On February 25th, 2013, the Defendants informed the Plaintiff that they had lease agreement with the landlord and Defendant, Pedro J. Burgos and Samuel Copland and sent Plaintiff notice that said lease agreement protected Defendants

Page 1

pursuant to **12 U.S.C. § 5201** which is known as the Protect of Tenants and Foreclosure Act. Plaintiff was provided copies of the lease and payments of rents.

3. On February 25th, 2013, the Plaintiff filed a dispossessory action in the Municipal Court of Columbus Georgia in violation of **12 U.S.C. § 5201**.

4. The Plaintiff after learning that the dispossessory action was founded upon the right pursuant **12 U.S.C. § 5201**, the Plaintiff dismissed the action for (90) days and on March 4th, 2013 re-filed said May 20th, 2013 that is the subject of this removal to this Court. See, **Exhibit "A"** and **"B"** attached to Notice of Removal.

5. On May 29th, 2013, Pedro J. Burgos and ALL Others filed their answers and counterclaims in the dispossessory action is founded upon **12 U.S.C. § 5201**. Defendants' defenses and counterclaim all exceeded that Court's jurisdiction and was also founded upon Federal questions jurisdiction pursuant to **28 U.S.C. § 1331** with respect to **12 U.S.C. § 5201**. See **Exhibits** attached to Notice of Removal.

## II. GROUNDS FOR STRIKING APPEARANCE AND MOTION

1. First, the appearances made by Scott H. Michalove and Daniel P. Moore are both unauthorized according to the Local Rules of this Court as a matter of law. Counsels' appearances did not comply with said Local Rules and clearly violates **L.R. 83.1.4** as indicated by the record in this case according to the Clerk of this Court. See, Clerk's Notice to Counsels at Docket Entry No. 7.

2. Secondly, the record show that there is no proper Motion to Withdraw filed with the Court in compliance with **L.R. 83.1.4** by Howell A. Hall as Counsel for the

Plaintiff as required by **L.R. 83.1.4**. Thus no substitution of Counsels could take place without proper compliance with said Local Rules of this Court.

3. Finally, there is no order by this Court that allows or authorized the withdrawal of Howell A. Hall as Counsel for the Plaintiff, nor grants substitution of Scott H. Michalove and Daniel P. Moore as Counsels as required by **L.R. 83.1.4**.

4. Therefore, the appearances by Scott H. Michalove and Daniel P. Moore are unauthorized according to **L.R. 83.1.4** and the Motion to Remand filed by them is void as a matter of law. The Defendant hereby moves this Court to strike both the appearances in this matter and the Motion to Remand as a matter of right.

### III. ARGUMENT

1. The Defendants in this matter both aver that Counsels' skills and experience should have lead them to understand that they should have complied with **L.R. 83.1.4** as a routine matter. However, due to Counsels lack of care in complying with the Rules, the Defendants cannot properly respond to the Motion to Remand, because of Counsels' unauthorized appearance under **L.R. 83.1.4**.

2. Thus if Counsels' appearance is in fact unauthorized, according to said Rule, then the Motion to Remand filed by said Counsels is void as a matter of law. If the motion is void, then the Defendants cannot respond to a void motion.

3. Local Rule, **L.R. 83.1.3** clearly requires attorneys to file a form of Entry of Appearance before appearing on behalf of their client. The rule reads as follows:

> **"ENTRY OF APPEARANCE.** No Attorney shall appear in that capacity before this court until he has entered an appearance by filing a signed entry of appearance form or by filing a signed pleading in a pending action. An entry of appearance shall state (1) the style and number, (2) the identity of the party for whom the appearance is made,

and (3) the name and current office address and telephone number of the attorney. The filing of any pleading, unless otherwise specified by the court, shall constitute an appearance by the person(s) signing such pleading." See, **L.R. 83.1.3.**

4. According to **L.R. 83.1.3**, until a form for appearance is filed with the Court and or a pleading is filed in compliance with said rule, no appearance has been made by Counsels Scott H. Michalove and Daniel P. Moore on behalf of Plaintiff in this case and that Counsel Howell A. Hall remains the Attorney for the Plaintiff in this case as required by **L.R. 83.1.4**. The Defendants also aver that the Motion to Remand and or the Notice of Substitution of Counsel are not pleadings according to **Fed.R.Civ.P., Rule 7** which states the form of pleadings as follows:

> *"(a) Pleadings. Only these pleadings are allowed:*
> *"(1) a complaint;*
> *"(2) an answer to a complaint;*
> *"(3) an answer to a counterclaim designated as a counterclaim;*
> *"(4) an answer to a crossclaim;*
> *"(5) a third-party complaint;*
> *"(6) an answer to a third-party complaint; and*
> *"(7) if the court orders one, a reply to an answer."*

5. Since the Motion to remand and the Notice filed by Counsels cannot be considered a pleading under **Fed.R.Civ.P., Rule 7**, there is no appearance by Scott H. Michalove and Daniel P. Moore. This defect cannot be cured by a mere filing of a pleading or a filing a Notice of Appearance without leave of Court.

6. Furthermore, Counsel Howell A. Hall must properly withdraw from the case with leave of Court before Counsels Scott H. Michalove and Daniel P. Moore can properly appear on behalf of the Plaintiff in this case. Thus until this happen

and the Court properly grants said leave, Attorney, Howell A. Hall remains the Attorney of record on behalf of the Plaintiff as matter of law.

7. Defendants aver that Scott H. Michalove and Daniel P. Moore both appeared in this action unauthorized and Defendants are entitled to their motion.

8. Under Federal Rule 83 of the Federal Rules of Civil Procedure, each District Court is authorized to *"make and amend rules governing its practice not inconsistent with these rules."* (emphasis added). See 28 U.S.C. § 2071(a); <u>Colgrove v. Battin</u>, 413 U.S. 149, 150-51, 93 S.Ct. 2448, 2449, 37 L.Ed.2d 522 (1973).

9. First, the District Courts are not required to adopt local rules, but they must not circumvent the Federal Rules of Civil Procedure by implementing local rules or *"procedures"* which do not afford parties rights that they are accorded under the Federal Rules. See <u>Carver v. Bunch</u>, 946 F.2d 451, 453 (6th Cir.1991) *("Local court rules ... cannot conflict with the Federal Rules of Civil Procedure, Acts of Congress, and rules of practice and procedure prescribed by the Supreme Court.");* <u>Coady v. Aguadilla Terminal Inc.</u>, 456 F.2d 677, 678 (1st Cir.1972) *("A local rule cannot be applied if it is contrary to a federal statute or rule").* (citing <u>Hanna v. Plumer</u>, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

10. Secondly, the First Circuit has held, once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them. See <u>Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.</u>, 26 F.3d 220, 224 (1st Cir.1994).

11. The Defendants states that because Counsels did not comply with said Local Rules of this Court, the Defendants are entitled to their motion to strike

appearance and the Motion to Remand. The Plaintiff must re-file its motion and give the Defendant a reasonable opportunity to respond to their motion.

12. Just as Defendants must comply with the Local Rules so shall the attorneys who appear before this Court must comply.

13. L.R. 83.1.2 requires proper withdrawal as follows:

> **"WITHDRAWAL OF ATTORNEYS IN CIVIL CASES.** It is the longstanding policy of this court that attorneys will investigate claims before filing a complaint and, if a complaint is filed, that the attorney will remain with the case until its conclusion. Nevertheless, if there is a compelling reason to withdraw, the attorney must comply with the following procedure. An attorney (other than a government attorney) appearing of record in any action pending in this district, who wishes to withdraw as counsel for any party therein, shall submit a written motion for an order of court permitting such withdrawal. Such motion shall state that the attorney has given due written notice to his client respecting such intention to withdraw fourteen (14) days (or such lesser time as the court may permit in any specific instance) prior to submitting the request to the court and/or that such withdrawal is with the clients consent. Such request may be granted unless in the judge=s discretion to do so would delay the trial of the action or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client. The attorney requesting an order permitting withdrawal shall give notice to opposing counsel and shall file with the clerk in each such action and serve upon his client personally or at his last known address, a notice which shall contain at least the following information:(A) that the attorney wishes to withdraw;
> (A) that the attorney wishes to withdraw;
> (B) that the court retains jurisdiction of the action;
> (C) that the client has the burden of keeping the court informed respecting where notices, pleadings or other papers may be served;
> (D) that the client has the obligation to prepare for trial or hire other counsel to prepare for trial when the trial date has been set;
> (E) that if the client fails or refuses to meet these burdens, the client may suffer adverse consequences, including, in criminal cases, bond forfeiture and arrest;
> (F) the dates of any scheduled proceedings, including trial, and that holding of such proceedings will not be affected by the withdrawal of counsel;
> (G) that services of notices may be made upon the client at his last known address; and,
> (H) unless the withdrawal is with the clients consent, the clients right to object within fourteen (14) days of the date of the notice.

**Page 6**

"The client shall have fourteen (14) days from the date of the notice to file objections to the withdrawal. If the court enters an order permitting withdrawal, the client shall be notified at his last know address by the Clerks Office of the effective date of the withdrawal; thereafter 40 all notices or other papers may be served on the party directly by mail at the last known address of the party until new counsel enters an appearance. Ordinarily, the court will expect the filing of a Notice of Appearance by substitute counsel contemporaneous with the filing of the Motion to Withdraw."

### IV. CONCLUSION

For the foregoing reasons stated in this motion, the Defendants hereby respectfully request that this Court grants Defendants' motion to strike Counsels' unauthorized appearance and their motion to remand in this action and that this civil action be removed to the United State District Court for the Middle District of Georgia, Columbus Division. This Court clearly has subject-matter jurisdiction of this civil action and that this Court should enter such orders as the Court may deem necessary to accomplish removal and promote the ends of justice.

**WHEREFORE,** the Defendants hereby moves this Court to GRANT their motion based upon the forgoing facts and grounds stated herein and that this action be remove to this Court for all relief requested by Defendants as a matter of right.

**Respectfully submitted this the** \_\_\_24th\_\_\_ **, day of July 2013.**

Jointly Filed and Served by:

_____
Pedro J. Burgos, PRO SE
Attorney for the Defendant

_____
Tony L. Ware, PhD, JD, PRO SE
Attorney for the Defendant

7440 McKee Road
Upatoi, Georgia 31829
(706) 332-6881

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVSION

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for Option One Mortgage Loan Trust 2003-1, §§§§§ | |
| Plaintiff, § | |
| v.  § | CIVIL ACTION |
| § | FILE NUMBER: <u>4:13-CV-00193-CDL</u> |
| PEDRO J. BURGOS § | |
| and ALL OTHERS, § | CERTIFICATE OF SERVICE |
| § | SPECIAL APPEARANCE BY DEFENDANTS |
| Defendants. § | |

## <u>CERTFICATE OF SERVICE</u>

**COMES NOW, PEDRO J. BURGOS** and **ALL OTHERS** as Pro Se and as Attorneys for the Defendant for themselves in the above-styled civil action and hereby certify that I have personally served upon Plaintiff's counsel with a copy of Defendants' MOTON TO STRIKE upon the following person to wit:

Howell A. Hall, Esq.
115 Perimeter Center, Suite 1000
Atlanta, Georgia 30346

**Respectfully submitted this the** _24th_ , day of July 2013.

Jointly Filed and Served by:

_[signature]_
Pedro J. Burgos, PRO SE
Attorney for the Defendant

_[signature]_
Tony L. Ware, PhD, JD, PRO SE
Attorney for the Defendant

7440 McKee Road
Upatoi, Georgia 31829
(706) 332-6881

Page 8