IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| Wells Fargo Bank, NA,<br>as Trustee for Option One Mortgage<br>Loan Trust 2003-1, | ) ) ) ) | |
|     Plaintiff, | ) ) | CASE NO. 4:13-cv-00193-CDL |
| v. | ) ) | |
| Pedro Burgos,<br>and All Others, | ) ) ) | |
|     Defendants. | ) ) | |

## WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

COMES NOW, Wells Fargo Bank, NA, as Trustee for Option One Mortgage Loan Trust 2003-1, (hereinafter "Wells Fargo" or "Plaintiff") Plaintiff in the above referenced civil action, and files this Response in Opposition to Defendant's Motion to Strike Appearance and To Strike Motion to Remand as follows:

This matter involves Defendant Pedro Burgos' (referred to herein as the

"Defendant") and non-defendant Tony L. Ware's[1] improper removal of a February 25, 2013, dispossessory action originally filed in the Municipal Court of Columbus, Georgia.  In accordance with 28 U.S.C. § 1447(c), Wells Fargo filed a Motion to Remand July 5, 2013.  [Doc. 6.]  To date, the Defendant has failed to file an opposition to the Motion to Remand.  The Defendant did file the present Motion to Strike Appearance and To Strike Motion to Remand (referred to herein as the "Motion"), on July 24, 2013.  The Defendant's Motion, however, should be denied because it is nothing more than another baseless delay tactic filed by a non-lawyer.

The Defendant's Motion seeks to strike Wells Fargo's Notice of Substitution of Counsel [Doc. 4] and Motion to Remand [Doc. 6] pursuant to L.R. 83.1.4.  However, L.R. 83.1.4 controls the withdrawal of attorneys and does not govern entries of appearance nor does it afford an opposing party standing to strike a motion based on it.  In this matter, a Notice of Deficiency was filed on July 5,

---

[1] "Tony L. Ware, PhD, JD" filed the Motion as "Attorney for the Defendant."  Mr. Ware, however, is not a named Defendant in this action, is not licensed to practice law in Georgia, nor otherwise authorized to practice law in this Court. Furthermore, Mr. Ware has a history of frivolous filings in both the federal and state courts of Georgia.  *E.g.* Tony L. Ware et al. v. FleetBoston Financial Corporation, 2005 U.S. Dist. Lexis 34333 (N.D. GA 2005); Ware v. Vaughn, 225 Ga. App. 303, 483 S.E.2d 698 (1997).

2013, stating that the withdrawal of Wells Fargo's prior counsel was deficient and that Wells Fargo's prior counsel remains in the case.  However, the Notice did not state that Wells Fargo's current counsel did not properly enter an appearance pursuant to L.R. 83.1.3.  Accordingly, Wells Fargo's current counsel filed an appropriate Motion to Remand defending Wells Fargo's rights in this action.  Therefore, Wells Fargo's Motion to Remand [Doc. 6] is valid and Defendant has not stated even the barest of grounds upon which it should be struck.

Finally, the Defendant's utterly irrelevant detour should not distract this Court from the underlying issue, i.e. the Defendant's improper removal of this action.  By the Defendant's own admission the removal was based completely on the Defendant's Answer and Counterclaim.  *See,* Motion p.2.  However, as shown in the Motion to Remand, federal jurisdiction cannot be based on a defense or counterclaim.  *See*, Jefferson Cnty., Ala. v. Acker, 527 U.S. 423, 530-31 (1999); *see also,* Fed. Nat'l Mortg. Ass'n v. Wright, Civ. Act. No. 5:12-CV-487-CAR (M.D. Ga., 2013).  The Defendant's Response fails to even attempt to address the substantive issue. Accordingly, this Court must remand this matter because it simply does not have jurisdiction.

WHEREFORE, Wells Fargo prays that this Court deny the Defendant's

3

Motion to Strike; grant its Motion to Remand; and grant Wells Fargo such other and further relief as may be just and proper.

Respectfully submitted, this 7th day of August, 2013.

|  |  |
|---|---|
|  | */s/ Scott H. Michalove*<br>Scott H. Michalove<br>Georgia Bar No. 504016<br>Daniel P. Moore, Esq.<br>Georgia Bar No. 940480 |
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**<br>Monarch Plaza, Suite 1600<br>3414 Peachtree Road, N.E.<br>Phone: (404) 577-6000<br>Facsimile: (404) 221-6501<br>smichalove@bakerdonelson.com<br>dmoore@bakerdonelson.co |  |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** was served via electronic copy of the ECF notification system to counsel of record and has been sent via United States Mail, postage pre-paid, in a properly addressed envelope to Pro Se Defendant:

> Pedro J. Burgos
> 7440 McKee Rd
> Upatoi, GA 31829

This 7th day of August, 2013.

> /s/ Scott H. Michalove
> Scott H. Michalove, Esq.
> Georgia Bar No. 504016
> *Attorney for Plaintiff*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
Email: smichalove@bakerdonelson.com